UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNARD FONTUS,

    Petitioner,

v.                                            Case No. 3:26-cv-366-JEP-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

    Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) filed by Ashlie Filemond as next friend of Bernard Fontus, an immigration detainee. *See* Petition at 1, 8; *see also* Doc. 1-2 (explaining that Ms. Filemond is the niece of Petitioner, who is detained, "has severely limited access to legal materials," and "is unable to meaningfully access the federal courts on his own").

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas

action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'next friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. *Id.*

Ms. Filemond does not demonstrate that "next friend" status is appropriate. She neither asserts that Petitioner is mentally incompetent nor that he has been denied access to the courts. Notably, other individuals in Petitioner's circumstances have been able to file their own habeas petitions. Because Ms. Filemond does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Petitioner's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)[2]

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Petitioner a blank petition for writ of habeas corpus form for use in § 2241 cases. If Petitioner chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Bernard Fontus, A071895870

3